UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANTHONY L. BREEDLOVE,

                Plaintiff,

      v.

DANIEL J. MANDELL, et al.,

                Defendants.
_____

DECISION & ORDER

05-CV-6279P

        Plaintiff in the above-captioned matter has filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983, alleging that defendants subjected him to excessive force and thereafter retaliated against him by impeding his attempts to file a grievance. (Docket # 7). Currently before this Court is plaintiff's motion for the appointment of counsel. (Docket # 14). For the following reasons, plaintiff's motion is denied.

        It is well-settled that there is no constitutional right to appointed counsel in civil cases. However, under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants. *See, e.g.*, *Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988). Such assignment of counsel is clearly within the judge's discretion. *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following:

        1. Whether the indigent's claims seem likely to be of substance;

        2. Whether the indigent is able to investigate the crucial facts concerning his claim;

>   3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;
>
>   4. Whether the legal issues involved are complex; and
>
>   5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

The Court must consider the issue of appointment carefully, of course, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks v. Coughlin*, 114 F.3d at 392; *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

The Court has reviewed the facts presented herein in light of the factors required by law. Plaintiff alleges that defendants used excessive force against him and later retaliated against him by destroying or otherwise mishandling his personal property and case materials, and by limiting his access to the facility's law library. (Docket # 7). Through the current motion, plaintiff requests the assignment of counsel, asserting only that "counsel would be better able to

contact witnesses . . . [and] would better help me prepare for court dates and trial proceedings." (Docket # 14).

Pursuant to the standards promulgated by *Hendricks*, 114 F.3d at 392, and *Hodge v. Police Officers*, 802 F.2d at 58, I find that the appointment of counsel is not necessary at this time. As stated above, a plaintiff seeking the appointment of counsel must demonstrate a likelihood of success on the merits. *See id.* This, plaintiff has failed to do. Moreover, the legal issues in this case do not appear to be complex, and plaintiff has failed to offer any special reasons why appointment of counsel would be more likely to lead to a just determination. It is therefore the Decision and Order of this Court that plaintiff's motion for the appointment of counsel **(Docket # 14)** is **DENIED** without prejudice. It is the plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se*. *See* 28 U.S.C. § 1654.

**IT IS SO ORDERED.**

                                                 *s/Marian W. Payson*
                                                 MARIAN W. PAYSON
                                                 United States Magistrate Judge

Dated: Rochester, New York
       June   22  , 2007