UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ANTHONY L. BREEDLOVE,

                Plaintiff,

      v.

DANIEL J. MANDELL, et al.,

                Defendants.

DECISION & ORDER

05-CV-6279P

        Plaintiff in the above-captioned matter has filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983, alleging, *inter alia*, that defendants violated his constitutional rights by subjecting him to excessive force and retaliating against him. (Docket # 7). Currently before this Court is plaintiff's motion for the appointment of counsel. (Docket # 21). For the following reasons, plaintiff's motion is denied.

        On May 23, 2007, plaintiff moved this Court for the appointment of counsel, claiming that he was unable to obtain a private attorney. (Docket # 14). By Decision and Order dated June 22, 2007, this Court denied plaintiff's motion, finding that the legal issues involved are not complex and that plaintiff had failed to demonstrate a likelihood of success on the merits of the case. (Docket # 15). Thereafter, on September 25, 2007, plaintiff filed a second motion for the appointment of counsel, again stating that he has been unable to obtain private counsel. (Docket # 21).

        As this Court has previously stated, there is no constitutional right to appointed counsel in civil cases. Although the Court may appoint counsel to assist indigent litigants under

28 U.S.C. § 1915(e), *see*, *e.g.*, *Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988), such assignments must be considered carefully because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit); *see In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984) (decisions on appointment of counsel are clearly within the judge's discretion).

       The factors to be considered by a court in deciding whether or not to assign counsel include the following:

    1. Whether the indigent's claims seem likely to be of substance;

    2. Whether the indigent is able to investigate the crucial facts concerning his claim;

    3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

    4. Whether the legal issues involved are complex; and

    5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d at 392; *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

The Court has again reviewed the facts presented herein in light of the factors required by law. Plaintiff alleges, among other things, that defendants used excessive force against him and later retaliated against plaintiff's attempts to file a grievance. (Docket # 7). Through the current motion, plaintiff requests the assignment of counsel asserting only that a lawyer would be better able to litigate this matter. (Docket # 21).

Pursuant to the standards promulgated by *Hendricks*, 114 F.3d at 392, and *Hodge v. Police Officers*, 802 F.2d at 58, I find that the appointment of counsel is not necessary at this time. As stated in this Court's previous Order, plaintiff has not demonstrated that he is likely to succeed on the merits of the Complaint. *See id.* Moreover, the legal issues in this case do not appear to be complex, nor does it appear that the major proof at trial will be dependent upon skillful cross-examination. *See id.* Accordingly, plaintiff's motion for the appointment of counsel **(Docket # 21)** is **DENIED** without prejudice at this time. It is the plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se*. 28 U.S.C. § 1654. **IT IS SO ORDERED.**

                                                *s/Marian W. Payson*
                                                MARIAN W. PAYSON
                                               United States Magistrate Judge

Dated: Rochester, New York
       October   16  , 2007