UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ANTHONY L. BREEDLOVE,

                Plaintiff,

      v.

DANIEL J. MANDELL, et al.,

                Defendants.
_____

DECISION & ORDER

05-CV-6279P

        Plaintiff in the above-captioned matter has filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983 alleging, *inter alia*, that defendants subjected him to excessive force and retaliated against him while he was detained in the Chemung County Jail. (Docket # 7). Currently before this Court is plaintiff's motion to compel the disclosure of various documents. (Docket # 16).

        The threshold requirement of discoverability under the Federal Rules of Civil Procedure is whether the information sought is "relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). To be discoverable, the information "need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id*. The relevance standard is necessarily broad in scope in order "to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citation omitted). *See Daval Steel Products, a Div. of Francosteel Corp. v. M/V Fakredine*, 951 F.2d 1357, 1368 (2d Cir. 1991) (parties entitled to discovery of any matter that appears "reasonably calculated to lead to the discovery" of evidence) (quoting Fed. R. Civ. P. 26(b)(1)); *American Banana Co. v.*

*Republic Nat'l Bank of New York*, 2000 WL 521341, *2 (S.D.N.Y. 2000) ("Rule 26 plainly allows discovery related to the claims and defenses of any party").

Although the scope of discovery under the Federal Rules is broad, it is not without limitation. Indeed, Rule 26 provides that the court must limit the frequency or extent of discovery if:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C). "Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly." *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998). Even when the material in question is discoverable under the rules, "the Court still has considerable discretion to evaluate the practical realities of discovery, balancing the importance of the information against the burdens of production to decide whether fairness does or does not require production, and if so, on what terms." *Jones v. Goord*, 2002 WL 1007614, *6 (S.D.N.Y. 2002).

In this matter, plaintiff has moved to compel various documents that he alleges are relevant to the claims asserted in his Complaint. (Docket # 16). Each of plaintiff's specific requests will be addressed in turn below.

(1) Plaintiff requests disclosure of a Chemung County Jail ("CCJ") employee manual "governing the conduct of staff members in any and all situations." (Docket # 16 at ¶ 6(1)). In response to plaintiff's motion, counsel for the defendants has advised that staff

2

members of the CCJ are governed by a Policies and Practices Manual, which contains "over 700 pages of policies and practices governing a range of officer activity. . . ." (Docket # 25 at ¶ 2(1)). To the extent plaintiff seeks disclosure of the entire Policies and Practices Manual, his motion is denied as overbroad and irrelevant. Rather, defendants shall produce to plaintiff the table of contents for the manual. If, upon review of the table of contents, plaintiff identifies a particular section of the manual that he believes is relevant to his claims, he may request production of that section.

(2) Plaintiff also requests disclosure of "[a]ll of the minimum standards adhered to by the CCJ staff and population." (Docket # 16 at ¶ 6(2)). This request is likewise overbroad. If plaintiff can identify particular conduct by officers or detainees relevant to this case, he may request copies of any written rules and regulations pertaining to that relevant conduct. As the request is currently framed, however, it is denied.

(3) In its entirety, plaintiff's third request seeks discovery of a "[l]etter referred to on p. 97 of the discovery packet." (Docket # 16 at ¶ 6(3)). Counsel for defendants has represented "there is no record of any such letter." (Docket # 25 at ¶ 2(3)). Having no reason to doubt counsel's representation, plaintiff's motions to compel is denied. *See American Banana Co. v. Republic Nat'l Bank of New York*, 2000 WL 521341, *3 (S.D.N.Y. 2000) ("[c]ourt cannot compel production of what does not exist").

(4) Plaintiff seeks disclosure of an appeal to Superintendent Mandell relating to events occurring on August 7, 2003. (Docket # 16 at ¶ 6(4)). As with the preceding request, defendants have represented that there is no record of such an appeal. (Docket # 25 at ¶ 2(4)). Accordingly, plaintiff's motion is denied.

(5) Plaintiff seeks disclosure of letters written by other detainees to various CCJ officials relating to events occurring on August 7, 2003. (Docket # 16 at ¶ 6(5)). According to defendants, such materials have been provided to plaintiff. (Docket # 25 at ¶ 2(5)). Plaintiff has not explained the basis of his belief, if any, that the materials produced were incomplete or nonresponsive. Accordingly, his motion to compel is denied as moot.

(6) Plaintiff requests a copy of "the officers training manual" used at CCJ. (Docket # 16 at ¶ 6(6)). According to counsel for defendants, no document by this title exists. (Docket # 25 at ¶ 2(6)). Again, upon review of the table of contents of the Policies and Practices Manual, plaintiff may request production of a specific section provided it is relevant to the claims in this lawsuit.

(7) In his seventh request, plaintiff seeks copies of all complaints filed against the defendants during their tenure of employment at CCJ. (Docket # 16 at ¶ 6(7)). Defendants oppose the request on the grounds that such materials are exempt from disclosure under New York Civil Rights Law § 50-a. (Docket # 25 at ¶ 2(7)). Recognizing that this state law privilege does not bind a federal court, *see*, *e.g.*, *Sidari v. Orleans County*, 174 F.R.D. 275, 289 (W.D.N.Y. 1996) ("§ 50-a . . . does not act as an absolute bar to disclosure in federal court civil rights actions"); *Davis v. City of New York*, 1988 WL 42189, *3 (S.D.N.Y. 1988) ("privilege is not automatically applicable to § 1983 actions"), I nonetheless find that the request as drafted is overbroad. Defendants shall produce copies of complaints filed against them during the two years preceding the events of this lawsuit alleging that they assaulted or used excessive force against any inmates or detainees at CCJ. Plaintiff's motion is therefore granted in part and denied in part.

(8) Plaintiff next seeks disclosure of all lawsuits filed against CCJ, without regard to time frame or subject matter. (Docket # 16 at ¶ 6(8)). Plaintiff's motion is denied as overbroad.

(9) Plaintiff's ninth request seeks the names of all detainees at CCJ who were housed in plaintiff's cellblock on the date in question. (Docket # 16 at ¶6(9)). Defendants have advised that plaintiff has already been provided with such information and have provided a copy of their letter reflecting that disclosure.[1] (Docket # 25 at ¶ 2 (9)). Thus, plaintiff's motion to compel the list is denied as moot. Of course, if plaintiff did not receive the names, he may contact counsel for defendant to request a second copy.

(10) The final request seeks "any and all documents stipulated to, pursuant to Scheduling Order of 4-18-07." (Docket # 16 at ¶ 2(10)). Although the substance of the request is not entirely clear, insofar as plaintiff is seeking to compel the mandatory disclosure materials, counsel for defendants has represented that those materials were provided to plaintiff on May 7, 2007. (Docket # 25 at ¶ 2(10)). Plaintiff's motion is therefore denied as moot. Again, if plaintiff did not receive any or all of the materials, he should contact counsel for defendants to request a second copy.

In his reply papers, plaintiff states that he has not received "requests made by [p]laintiff to be released from the sanctions of full mechanical restraints and non-contact visits, responded to by [d]efendant(s) on 9-18-03 and 11-4-03." (Docket # 31 at ¶ 2(II)). Defendants are directed to produce these requests within fourteen (14) days of this Order unless they believe

---

[1] Plaintiff's reply papers inaccurately state that he was denied access to these names. (Docket # 31 at ¶ 9). Rather, counsel's letter to plaintiff dated July 19, 2007, represents, "You have been provided with identities of those individuals with whom you were housed at or about the time of incidents complained of." (*See* Docket # 25).

that such requests do not fall within the mandatory discovery obligations or are otherwise irrelevant, in which case they shall seek a protective order under Rule 26 of the Federal Rules of Civil Procedure.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to compel **(Docket # 16)** is **GRANTED in PART and DENIED in PART**.

**IT IS SO ORDERED.**

                                              _s/Marian W. Payson_
                                                    MARIAN W. PAYSON
                                              United States Magistrate Judge

Dated: Rochester, New York
       February  29 , 2008