UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ANTHONY L. BREEDLOVE,

                       Plaintiff,

          v.

DANIEL J. MANDELL, et al.,

                       Defendants.

_____

DECISION & ORDER

05-CV-6279P

Plaintiff in the above-captioned matter has filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983 alleging, *inter alia*, that defendants violated his constitutional rights by subjecting him to excessive force and retaliating against him. (Docket # 7). Currently before this Court is plaintiff's motion for the court to provide him with a stenographer for deposing the defendants. (Docket # 35). For the following reasons, plaintiff's motion is denied.

Rule 30(b) of the Federal Rules of Civil Procedure provides:

> Unless the court orders otherwise, testimony may be recorded by audio, audiovisual, or stenographic means. The noticing party bears the recording costs. Any party may arrange to transcribe a deposition.

Fed. R. Civ. P. 30(b)(3)(A). The rule further requires that unless otherwise agreed by the parties, a deposition must also be conducted before an officer who, among other things, administers the oath to the deponent. Fed. R. Civ. P. 30(b)(5).

Plaintiff in this matter has not demonstrated an ability to pay the costs associated with the requested depositions; rather, his motion requests that the court provide him with a stenographer because he is indigent and proceeding in this matter *pro se*. A litigant proceeding

*in forma pauperis* does not have a right to a waiver of the cost of a deposition stenographer. *Koehl v. Greene*, 2007 WL 4299992, *3  (N.D.N.Y. 2007) (collecting cases); *see Smith v. Buffalo Bd. of Educ.*, 1997 WL 613255, *2 (W.D.N.Y. 1997) (denying *in forma pauperis* plaintiff's request that the court bear the cost of deposition transcripts).  Plaintiff has failed to demonstrate an inability to obtain the desired information through alternative methods of discovery available to him, such as depositions upon written questions under Fed. R. Civ. P. 31 or interrogatories under Fed. R. Civ. P. 33.

As an additional matter, I note that the discovery deadline in this case was July 31, 2007.  (Docket # 12).  If plaintiff desired additional time to conduct discovery, he failed to request that the scheduling order be modified with respect to the discovery deadline.  Accordingly, the time for conducting depositions is long past, and plaintiff's current request for a stenographer is not timely.

For the foregoing reasons, plaintiff's motion for a stenographer **(Docket # 35)** is **DENIED**.

**IT IS SO ORDERED.**

*s/Marian W. Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated:  Rochester, New York
        February   25   , 2009